# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| TONI SCADDEN and BILL STORM,<br><br>Plaintiffs,<br><br>vs.<br><br>NORTHWEST IOWA HOSPITAL CORPORATION *dba* ST. LUKE'S REGIONAL MEDICAL CENTER; et al.,<br><br>Defendants. | No. C06-4070-PAZ<br><br>**ORDER ON MOTION TO AMEND COMPLAINT** |

This case was commenced on August 25, 2006, when the plaintiffs filed a Complaint alleging damages arising from the wrongful death of Noah Joe Storm, the unborn child of Toni Scadden and Bill Storm. The plaintiffs asserted claims against the defendants Northwest Iowa Hospital Corporation, doing business as St. Luke's Regional Medical Center (the "Hospital"); Dr. John Doe 1, "the Supervising Physician on duty September 4-5, 2004, on behalf of [the Hospital]"; Siouxland Medical Education Foundation, Inc. ("SMEF"); Dr. John Doe 2, "the Senior Resident on duty on September 4-5, 2004, on behalf of SMEF"; Dr. John Doe 3, "the Attending Physician on Call on September 4-5, 2004, on behalf of SMEF"; Thaddeus Vernon, a first-year resident physician affiliated with SMEF who was performing services at the Hospital on September 4-5, 2004; Jeffrey Zoelle, an attending physician at the Hospital on September 4, 2004; and The Crittenton Center ("Crittenton"), "in partnership or a joint venture with SMEF." (Doc. No. 1, ¶¶ 7-14)

According to the allegations in the Complaint, at about 9:00 p.m. on Saturday, September 4, 2004, Ms. Scadden tripped and fell at her home while doing laundry and suffered blunt abdominal trauma. She was more than thirty-eight weeks pregnant at the time. She immediately went to the hospital, arriving at about 9:30 p.m. She was

admitted, examined, and treated. She was released from the hospital at 12:20 p.m. on Sunday, September 5, 2004. She returned to the hospital on Monday, September 6, 2004, because of continuing health problems, and learned that the fetus had died. She then gave birth to a stillborn baby, who was given the name Noah Joe Storm.

In Count I of the Compliant, the Estate of Noah Joe Storm asserted a negligence claim against all of the defendants. In Count II, the parents of Noah Joe Storm asserted a negligence claim against all of the defendants. Count I was dismissed by an order filed March 7, 2007. As a result of that order, the Estate of Noah Joe Storm no longer was a party to the case, and the only claim remaining was the negligence claim of the parents of Noah Joe Storm asserted in Count II.

The case then was delayed for an interlocutory appeal of the dismissal, and because one of the defendants was on active duty with the armed services. Eventually, the appeal was dismissed, and on January 25, 2010, the case was scheduled for trial commencing October 12, 2010. Doc. No. 93. New deadlines were set on February 3, 2010, Doc. No. 94, including a deadline for amending pleadings and adding parties of June 19, 2010. On June 8, 2020, the plaintiffs filed a timely motion to amend the Complaint. Doc. No. 104. The defendants SMEF and Vernon resisted the motion. Doc. No. 108.

In ruling on the motion to amend the Complaint, the court will follow the requirements of subsections (a) and (c) of Federal Rule of Civil Procedure 15, which provide, in relevant part, as follows:

> (a) Amendments Before Trial.
> \*\*\*
> (2) …. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
>
> \*\*\*

> (c) Relation Back of Amendments.
>> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>>> ***
>>> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading; or
>>> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m)[1] for serving the summons and complaint, the party to be brought in by amendment:
>>>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(a) & (c).

There are three issues with the proposed Amended Complaint. First, the Estate of Noah Joe Storm is included as a plaintiff, and Count I remains as part of the Amended Complaint even though it has been dismissed. To the extent the plaintiffs' motion to amend seeks to renew Count I on behalf of the Estate, the motion is **denied**. The plaintiffs are directed to submit an Amended Complaint that deletes the Estate of Noah Joe Storm as a plaintiff, and does not include any claims on behalf of the Estate.

---

[1] Federal Rule of Civil Procedure 4(m) provides, in relevant part:
> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Second, the proposed Amended Complaint would add two new contract claims, Counts III and IV, against existing defendants. The court will freely give leave to amend a pleading when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). The court will deny a timely request to amend a pleading only if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (internal quotation marks, citation omitted).

The defendants SMEF and Vernon point out that the Complaint was filed more than four years ago, and they argue the plaintiffs had the information necessary to add these additional claims long ago, and the lengthy delay was "unnecessary." Doc. No. 108. The court finds there has been no undue delay. This case has taken several detours, but each was appropriate under the circumstances. There has been no bad faith or dilatory motive. The motion to amend is timely under the court's scheduling order. The request to add the claims in Counts III and IV is **granted**.

Third, the proposed Amended Complaint would substitute Dr. Gerald McGowan for both Dr. John Doe 1 and Dr. John Doe 3, named defendants in the original Complaint, and add a contract claim, Count V, against Dr. McGowan. The defendants argue that permitting this amendment would be futile because the Iowa two-year statute of limitations has run on any claim of malpractice against Dr. McGowan. *See* Iowa Code § 614.1(9)[2]; *see also Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 992 (8th Cir. 2007) ("A federal court sitting in diversity jurisdiction applies the statute-of-limitations of the forum." (citing *Nettles v. Am. Tel. & Tel. Co.*, 55 F.3d 1358, 1362 (8th Cir. 1995)).

---

[2]Claims "founded on injuries to the person . . . against any physician and surgeon . . . arising out of patient care [must be brought] within two years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of, the injury . . . for which damages are sought in the action, whichever of the dates occurs first. . . ."

4

Because the malpractice claim against Dr. McGowan arose at the latest on September 5, 2004, the Iowa statute of limitations ran on September 5, 2006, long before this proposed amendment to the pleadings. *See* Def's Brief, Doc. No. 108, at 3. However, the plaintiffs argue that under Rule 15(c) their claims against Dr. McGowan should relate back to the date of the filing of the original Complaint on August 25, 2006.

Under Rule 15(c), as applied to the present case, the claim against Dr. McGowan relates back to the date of the original Complaint if (1) the claim against him arose out of the conduct or occurrence set out in the original Complaint, and within the 120-day period after the filing of the original Complaint, (2) he received such notice of the claim that he will not be prejudiced in defending it on the merits, and (3) he knew or should have known the action would have been brought against him but for a mistake concerning his identity.

There is no question that the new claims asserted by the plaintiffs in the proposed Amended Complaint arose out of the conduct and the occurrences set out in the original Complaint. Further, there seems little doubt that within 120 days period after the filing of the original Complaint, Dr. McGowan received such notice of the claim that he would not be prejudiced in defending it on the merits, and he knew or should have known that he was the person referred to in the original complaint as Dr. John Doe 1 and Dr. John Doe 3. Thus, the "relation back" provisions of Rule 15(c) apply to the plaintiffs' claims against Dr. McGowan. *See Krupski v. Costa Crochiere S. p. A.*, ___ U.S. ___, ___ S. Ct. ___, 2010 WL 2243705 (June 7, 2010). Further, the court finds it would be a windfall for Dr. McGowan should the amendment be disallowed. *Id.* at *8.

Accordingly, the motion is **granted** insofar as the plaintiffs are permitted to substitute Dr. McGowan for Dr. John Doe 1 and Dr. John Doe 3.[3]

---

[3] Because Dr. John Doe 2 has not been identified, and the trial date is fast approaching, any reference to Dr. John Doe 2 should be removed from the Amended Complaint. Also, it appears Dr. Jeffrey Zoelle should be removed as a defendant from the Amended Complaint.

Thus, the plaintiffs' motion for leave to amend their Complaint is **granted in part and denied in part**, as set forth above.

**IT IS SO ORDERED.**

**DATED** this 25th day of June, 2010.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT