# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| TONI SCADDEN and BILL STORM,<br><br>Plaintiffs,<br><br>vs.<br><br>NORTHWEST IOWA HOSPITAL CORPORATION *dba* ST. LUKE'S REGIONAL MEDICAL CENTER; *et al.*;<br><br>Defendants. | No. C06-4070-PAZ<br><br>**ORDER ON MOTION FOR SUMMARY JUDGMENT** |

On July 16, 2010, the defendant Northwest Iowa Hospital Corporation *dba* St. Luke's Regional Medical Center ("St. Luke's") filed a motion asking for summary judgment on the plaintiffs' claim for punitive damages. Doc No. 114. The plaintiffs have resisted the motion (Doc. No. 129), and St. Luke's has filed a reply (Doc. No. 137).

The plaintiff Toni Scadden came to the obstetrical unit of St. Luke's at approximately 10:05 p.m. on September 4, 2004. She was a little over 38 weeks pregnant. She reported to the medical staff at the hospital that she had fallen about an hour earlier and had hit her abdomen on a toy. She was kept overnight, and then discharged the next day. She returned to the hospital on the morning of September 6, 2004, but by that time, the fetus had died. In this lawsuit, the plaintiffs make a claim against St. Luke's, *inter alia*, for punitive damages.

An award of punitive damages require a showing of willful and wanton disregard for the rights or safety of the plaintiff or others. *See* Iowa Code § 668A.1(1)(a); *Cawthorn v. Catholic Health Initiatives*, 743 N.W.2d 525, 528-29 (Iowa 2007). "Willful and wanton" conduct involves an intentional, unreasonable act in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow. *See*

*Van Sickle Const. Co. v. Wachovia Comm'l Mortg., Inc.*, 783 N.W.2d 684, 689 (Iowa 2010). St. Luke's argues that, applying these standards, the record does not support an award of punitive damages.

The plaintiffs contend (1) the nurses at the hospital failed to monitor Toni Scadden continuously while she was in the hospital, and did not monitor her at all for several hours; (2) the readings they did obtain either were inadequate or showed that the fetus was in a "highly dangerous situation"; (3) the nurses and staff knew that the attending physician was an inexperienced resident physician, but they failed to advocate for the patient to receive care from a more experienced physician; and (4) the nurses failed to bring relevant issues to the attending doctors' attention. Doc. No. 129-1, pp. 3-4. They have cited *McClure v. Walgreen Co.*, 613 N.W.2d 225 (Iowa 2000), and *Stogsdill v. Healthmark Partners, L.L.C.*, 377 F.3d 827 (8th Cir. 2004), as supporting their punitive damages claim.

Neither case really helps the plaintiffs' position in this case. The conduct that gave rise to punitive damages in those cases was far more egregious than anything alleged here. Nothing in the present case establishes that anyone at St. Luke's "intentionally [did] an act of unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow, and which thus is usually accompanied by a conscious indifference to the consequences." *McClure*, 613 N.W.2d at 230. In fact, from a cursory review of the record, it appears that the plaintiffs can, at best, establish only ordinary negligence, and not a willful and wanton disregard for the rights or safety of the plaintiff.

Nevertheless, the court **denies** the motion for summary judgment. As the plaintiffs point out in their response (Doc. No. 129-3) to St. Luke's "statement of undisputed facts" (Doc. No. 114-1), St. Luke's "statement" does not comply with the requirements of Local Rule 56.1.a. The Rule requires that "[e]ach individual statement of material fact must be

2

concise, numbered separately, and supported by references to those specific pages, paragraphs, or parts of the pleadings, depositions, answers to interrogatories, admissions, exhibits, and affidavits that support the statement, with citations to the appendix." Most of the alleged "undisputed facts" are not supported by any citation whatsoever. The court will not comb through the record to find evidence necessary to support the factual assertions upon which St. Luke's bases its motion for summary judgment.

Even though the court is denying the motion for summary judgment, the evidence appears to be far short of what would be necessary to support the submission of punitive damages to the jury. As the record stands, it is unlikely that punitive damages will be submitted to the jury. The plaintiffs will not be permitted to offer evidence that is relevant solely to the issue punitive damages without first making a showing to the satisfaction of the court that an award of punitive damages would be appropriate in this case.

**IT IS SO ORDERED.**

**DATED** this 13th day of September, 2010.

_____
PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT